## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILLY G. ASEMANI, #339-096 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. RDB-08-3507 |
| MS. L. COPES-PARKER, ET AL. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is a complaint under 42 U.S.C. § 1983 filed pro se by Billy G. Asemani (Asemani), an inmate confined at the Western Correction Institution, alleging denial of access to the courts. Defendants Gary Maynard, J. Michael Stouffer, Kathleen Green, State of Maryland, Lynnel Copes-Parker, Joseph Cummons, and Martin Fitchett, through their counsel, move for dismissal or summary judgment.  Asemani has filed a Reply.  Defendants rely on materials beyond the scope of the Complaint; the motion shall be construed as one for summary judgment pursuant to Fed R. Civ. P. 56.   The matter is ripe for disposition and a hearing is unwarranted. After careful review of the pleadings, exhibits, and applicable law, the Court finds Defendants are entitled to judgment in their favor as a matter of law.

## PLAINTIFF'S CLAIM

Asemani's claim arises from the period he was incarcerated at the Eastern Correction Institution (ECI).  He asserts that Defendants violated his constitutional rights by failing to photocopy his legal papers free of charge, thereby abridging his access to the courts.  As a result, he was unable to file seven briefs and a record extract in the Court of Special Appeals in Case

No. 1529, *Asemani v. State of Maryland* (September Term 2008).[1]  Asemani requests injunctive relief to compel photocopying.[2]

## BACKGROUND

In February of 2009, Asemani was housed at the Eastern Correction Institution where he made numerous requests for photocopies of documents.  Lynnel Copes-Parker (Copes-Parker), a case manager at ECI, was responsible for reviewing inmate requests for copying.  Defendants' Exhibit 1, Declaration of Lynnel Copes-Parker.  She approved Asemani's numerous requests to copy legal documents.[3]  Asemani completed a money voucher to charge copy costs to his inmate account where he ran a negative balance.

On November 3, 2008, Asemani requested 50-60 photocopies.  Asemani acknowledged that he had a prisoner job and was no longer "technically considered to be indigent." Respondents' Exhibit 5.  Copes-Parker consulted Case Management Manager Joe Cummons and Case Management Supervisor Martin Fitchett about the request.  They determined that because Asemani was employed in the inmate library, he was not indigent, and he chose to spend all his money on postage, ECI was not responsible for supplying him with copies of legal documents. Copes-Parker attests that she was not aware of Asemani's specific request for seven copies of a brief and record extract for submission to the Court of Special Appeals in Case No. 1529, *Asemani v. State of Maryland*.  Asemani did not file a Request for Administrative Remedy

---

[1] Asemani's motion to waive the requirement to submit seven copies was denied by the Honorable Peter B. Krauser, Chief Judge on January 15, 2009.  Asemani submitted one brief to the Court of Special Appeals.  It was docketed as a "non-conforming brief.  Plaintiff's Reply, p. 1.

[2] Asemani does not complain in regard to photocopying availability at the Western Correctional Institution, his current place of confinement,.

[3] Asemani was transferred to ECI on May 20, 2008.  Legal papers were copied for him as an indigent on June 12, July 10 and 30, August 13, September 2, and October 8, 2008.  Copies were also provided on January 13 and February 23, 2009.

2

(ARP) about the photocopies.  *See id*.

Division of Correction regulations provide that photocopy fees for indigent inmates may be waived.  Defendants' Exhibit 8, DCD 75-3(VI)(C)(2)(a).  Photocopies will be provided if reasonably necessary for pending legal or administrative proceedings.  *See id*. An indigent inmate is "one who in the previous 30 days has not received pay for an assignment and has not had $4.00 in his/her active account." *Id*.  Defendants' verified exhibits demonstrate that Asemani was paid for his work as a library aide on October 14, 2008, November 10, 2008, December 8, 2008, January 12, 2009, and February 9, 2009.  Respondents' Exhibit 9.  As such, Asemani was not indigent under DCD regulations when he requested the 50-60 photocopies free of charge.

District Court staff have obtained records from the Court of Special Appeals Case No. 1529, *Asemani v. State of Maryland*.  On July 10, 2009, the Court of Special Appeals of Maryland granted Asemani until October 1, 2009 to submit seven copies of his brief and extract.

**STANDARD OF REVIEW**

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## DISCUSSION

### Claims Against Kathleen Green, Warden, Commissioner Michael J. Stouffer, or Secretary Gary Maynard, and the State of Maryland

A supervisory officer may not be held liable under a theory of *respondeat superior* in a §1983 action.  *See Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978); *Shaw v. Stroud,* 13 F. 3d 791, 799 (4th Cir. 1994).   There must be personal involvement by a defendant in the alleged violation for liability under 42 U.S.C. § 1983.  *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Asemani does not allege that Warden Kathleen Green, Commissioner Michael J. Stouffer, or Secretary

Gary Maynard, personally participated in the decision denying him indigent status for the purpose of photocopy payment. Instead, he attempts to hold them responsible in their supervisory capacity.[4]  Consequently, they will be dismissed as party defendants.

Asemani's claims against the State of Maryland may not proceed.  A cause of action under § 1983 requires the deprivation of a civil right by a "person" acting under the color of state law.  *See* 42 U.S.C. § 1983. The State of Maryland is not a "person" within the meaning of §1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71(1989). Accordingly, the State of Maryland will be dismissed as a defendant.

### Administrative Remedy Procedure

Defendants plead failure to exhaust administrative remedies as an affirmative defense. The Prison Litigation Reform Act (PLRA), codified at 42 U.S.C. §1997e(a), provides that no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. §1983 or any other federal law until he has exhausted available administrative remedies. *See Booth v. Churner*,  532 U.S. 731, 741, (2001); *Porter v. Nussle*,  534 U.S. 516, 524-25) (2002) (noting that the purpose of  the PLRA is to give the facility the opportunity to resolve the alleged injury before court involvement).  Failure to exhaust all levels of administrative review is not "proper exhaustion," and will bar actions filed by inmates under any federal law, including § 1983. *Woodford v. Ngo*, 548 U.S. 81 (2006).   It is undisputed that Asemani's concerns were not raised through the administrative remedy process.   As such, the case must be dismissed.

### Denial of Access to Courts Claim

Inmates have a constitutional right to adequate, effective, and meaningful access to the courts.  *See Bounds v. Smith*, 430 U.S. 817 (1977).  There is, however, no constitutional right to

---

[4]  Asemani neither alleges nor do the facts suggest a policy or pattern of practice sufficient to impose liability.

services such as photocopying. *See e.g*. *Reynolds v. Wagner*, 128 F.3d 166, 183 (3rd Cir. 1997). Rather, there must be evidence of actual interference with access to the courts. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).  Asemani has been granted until October 1, 2009 to file the requisite copies.   He can show no actual injury resulting from an alleged denial of access.  *See Lewis v. Casey,* 518 U.S. 343, 350 (1996).

## CONCLUSION

For the above stated reasons, the Court finds there are no genuine issues as to any material facts and Defendants are entitled to judgment in their favor as a matter of law.  A separate Order follows.


September 17, 2009                                **/s/**_____
Date                                                                  RICHARD D. BENNETT
                                                                            UNITED STATES DISTRICT JUDGE